23-8082. Would counsel for appellant make your appearance and proceed please. I'm sorry your honor. Would you make your appearance and proceed please? May it please the court Mr. McArdle Chief Judge Holmes I'm Patrick Murphy from Casper, Wyoming on behalf of appellants true ranches LLC and true oil LLC and the district court got some things right But erred as a matter of law with its most important ruling the district court Correctly ruled that the BLM's requirement that petitioners file for a federal APD is quote final agency action unquote Because it was a property rights determination Judge Rankin correctly observed that once the BLM required petitioners to file for a federal APD that position was enforced on outside parties and final for purposes of judicial review under the APA the BLM's action is final because it regulates the rights of true oil and true ranches and places additional legal obligations on the property owner Judge Rankin correctly observed quote the BLM's unilateral determination altered the balance of the property interests of the parties and he reasoned this way if property rights are akin to a bundle of sticks the Respondents have taken a stick and added to their pile the petitioners argue belong in theirs Irrespective of whether it's final and if there is a property rights determination and specifically related to the scope of the reservation under the SRHA Then why isn't this a quiet title action? I mean, why isn't this covered there? I mean irrespective of whether it's final it seems to me that that's a problem. Okay, great question, Your Honor And we all know that they argued the quiet title action for the first time on appeal But even if we overlook that problem the be at that on the merits to answer your question True oil and true ranches do not claim title or rights to any of the federal minerals the BLM does not dispute the true answer true ranches is the owner of the surface and True oil is the owner of their minerals and there is no conflict or dispute as to the title The government owns what it owns True oil and true ranches own what they own Only if there is a dispute as to the title would that be a federal title question act? And and this is the point I mean I didn't read the cases as being caught up with the term title and whether what we're talking about is title as much as the allocation of interest related to certain property and so if true oil true ranches has Has the surface ownership of that land and if their dispute if the dispute is We what we can do as a surface owner With our land vis-a-vis the BLM the BLM says there are certain things that you need a permit to do True true ranches says no We don't need a permit to do those things because we're a surface owner and it's included as you refer to what? The district court decision in our bundle of sticks. Well, why isn't that at its essence a dispute over? property who has the right to main control that property and if that's the case and I it seems to be it's de facto if not in spirit. Anyway a title dispute I Just have to respectfully disagree. There's the title is not in dispute. The question is what are the rights? Connected to the title and that is where that's where we have the interplay on the split of state law in Wyoming and other states and why the BLM in our Interactions with the BLM that's what governs here. This is an administrative proceeding I'm grateful for the for the opportunity here your view. And so I'm grateful for the respectful disagreement What I what I would like to know is with that view that you've adopted What is the best case that you have that specifically deals with this issue that we're talking about now? but then to put a fine point on it the distinction between the the ability to control the Property that you know, you're you receive this surface ownership, right of the of the true ranches has Their ability to the scope of what they can do as a surface owner with their property the distinction between that in a dispute that actually Focuses on whether there is a transfer of title because as I understand it even correct me if I'm wrong what you're saying is the quiet title action really well, it means what it says if you're not disputing the actual title of Property then the quiet title action does not act does not apply. Do I understand that correctly? Well, then if I understand that correctly give me what you deem to be your best case that says that's the rule and it would exclude Any dispute over how one controls? their interest in the lane I'm just looking for it in my notes right now, but I think it's the cyber Geigy case And I'll find it probably right after the argument gets over but that's okay And I don't want to occupy all your time on this if you think that's the case if it turns out not to be the Case just send us a 28 J to clarify. Okay, that's in your brief as I recall. Yeah, it is your honor I've just forgotten the name of the case right now. All right. Apologize Anyway judge Rankin got it right on this is reviewable under the APA its final agency action it was a final decision and Under the Siba Geigy case that I just mentioned It said that the BLM's agency decision is not separable from the agency's Enforcement decision and so it is a final agency action, but this is where We got off the track The most fundamental flaw in the district courts ruling was its holding that quote requiring an APD for a Traversing well that passes through but does not develop or produce from Federal minerals does not exceed the BLM's statutory authority Unquote the agency order we submit to your honors does exceed the BLM's statutory authority because first There is no rule or regulation under the Mineral Leasing Act that requires true oil and true ranches to file a Non-producing traversing well second private oil and gas producers are precluded from filing a federal APD We don't even have the ability under the MLA to do what the BLM wanted us to do and third without a federal lease without a federal leaseholder without the intent to produce those federal minerals a Federal APD is not applicable or required. So I'm intrigued with your second of those points I Didn't see anything that would prohibit The Bureau of Land Management from adopting a well-known mechanism of an APD for other purposes and Sure you're The APD application would give them a lot of information and I look at the Mineral Leasing Act This says the secretary not only can prescribe rules and regulations and I agree There's no rule regulation on this, but it says and it in addition can do all things necessary to carry out its purposes under this chapter and It seems to me that one of the things is that they have certain rights and they can do all things Necessary to protect them. So I don't see why Why it is wrong for the BLM to say You all are familiar with APDs. We've used them for drilling permits. It gives us lots of useful information We're going to require that in order to see if we can regulate this transverse Occupation of some of our land interest. I think Judge Ebell you have hit to the heart of the case we all agree and Judge Rankin agreed that the BLM did not have any rule or regulation in this area of traversing wells So he the BLM thought and I think Judge Rankin agreed with him So they must have some kind of general authority to do it But here's the problem with that the Constitution we start there. Here's what it says in relevant part It says the Congress shall have the power to dispose of and to make all needful rules and regulations Respecting the territory or other property of the United States that they have that power They then enacted in 1916 during World War one the Mineral Leasing Act and it's been amended since then but the Mineral Leasing Act only legislates over the development production and the leasing of federal minerals We don't have any of that here We have a pass-through pipe going through the federal minerals and we're not producing Developing it. You're not you're not but the BLM would like to protect its development rights in that property and So they're saying it all does turn on development the very thing we're authorized by Congress to do not you your development, but our development and To protect that development of our right we have to prevent trespassing Horizontal wells So I it seems to me that it does fit within their rights. Although I started off I Agree that that there is and then I agree that they're not an operator. I mean Certainly true oil is not an operator, but it seems to me what they're saying is that we're protecting the development of our rights and We are choosing to use an APD as a mechanism for regulating that in other words the Statutes say it doesn't We don't have to have a regulation on that That's what they say And to to follow up on judge evils point I mean there is that general language at the end that Congress put in there to allow for the BLM Ultimately to effectuate the purposes of the Mineral Leasing Act. And if one of those purposes is to prophylactically Protect its interest and note. It's not stopping you from doing anything It's saying you got to get a permit so that we can evaluate and make sure our interests are protected I mean, it's one thing to say that there is no regulation that allows you to do it But the question is really is there anything that stops them from doing that? Is there anything in the statute given that they have general language that allows them to effectuate the purposes of that? Statute what why is it that the right way lens through which to look at this? Add on but I agree completely with the chief the way the chief is asking that question, but If the BLM had said, okay, we're trying to protect our property. We need to know what you want to do How you're going to do it? Can it be done safely with with the ways we want to develop and protect our property file a a new document? We're going to give it a brand new name files some 10-page document that talks about transgressing upon Future development by other people of this property, but you know what? We're used to APDs. It's got good information in there. So we'll call it an APD We're gonna adapt a second purpose for an APD We'll just use that that form because it's got a good way for us to get a hook on you. I Agree with your honors that the BLM would have the power from Congress to do that They've known about Traversing wells for 30 years. They've not gone through any real rulemaking. We don't have any public comments We don't have any criteria for any of the APDs for a non-producing. Well, we do have You know requirements and that are well known with respect to producing wells nothing on traversing wells if they were to have gone through the process and given the public and the operators in the oil and gas world the What the rules of the land are with respect to these kind of non-producing traversing wells That's one thing. They've not done that operate the APD There's plenty of rules of the land on the on an APD. And so I think what they are saying is That's a mechanism that we've already cleared through the regulatory process. We'll use that one But we've already got an APD from the state of Wyoming We well well and and you raised that in your brief and I and I guess my as Arrogant is that federal government may be accused of being sometimes if I were the federal government I'd say fine. You've got this from Wyoming, but that doesn't mean anything to me I want my own mechanism to collect the information that I need whatever Wyoming did good for Wyoming But I want my own to protect my own interest and this you know There's a subtext in what you're saying that I want to make sure I understand you correctly Are you saying that that the agency had to enact a regulation? In other words, it could not act based upon the general prophylactic power that that language at the end of the statute gives it and Say that because see you're on a hook, but you say this is a final decision. Okay. Well the APA's I mean they've made a final decision here to protect their interests to prophylactically do this and no Why could if they had done a memo? Let's take let's go right out of the APD context But they said give me a memo to tell me what you're doing because you know, we believe we like Wyoming But we want to protect our own interest. Would you could they do that? What they had under the mineral leasing act they can do all of these things when you're when you're talking about the development production of a producing well and producing federal minerals They do not have that statutory authority from Congress to do that with a on non-producing wells like this Development and production has to be here and now immediate development and immediate production rather than we are taking steps to protect our development and production of this land Down the road you're saying until the risk is Immediate you can't do anything and isn't that a very it's hard to believe Congress would would want to buy off on that because There are long lead times for oil and gas development We all know that and you've got it by the time they're getting around to try to protect it Barn doors already open I'm not saying they hadn't all those lead times I'm saying that they have had 30 years to have rule making and comments on this kind of situation Where you're just having a pass-through without production on a traversing. Well, they have not acted in any way Congress has not acted to give them that power to Legislate in that area and they've not formed rules But now what they did in this case your honor is they just imposed this federal APD requirement on us without any Authority at all and that's what I want to clarify. What why would they have to have a rule? What what's your precedent that says they had to have a rule in order to to? Impose this requirement you said which you acknowledges which you put forward as being a final determination Why did they have to have a rule to do that? You can't act beyond your statutory Authority well, that was I'm agreeing with you that the BLM could have if it shows Have rules and regulations in this particular area, but they haven't They cannot act if they don't have a rule and that's the question that the chief and I are both asked and I know in What's your answer to that plain question? Absent a rule. Are you saying they had no authority to do anything to protect their interest in their Mineral lease their mineral interest in that in that land federal minerals if it is true as it is here that it does not involve the Development or the production from those federal minerals or the few that is correct future Okay, development and production so speculative production and develop ability. Oh, well I think that's just so speculative if I could just conclude I see my time is up Three things We are asking the court to respectfully reverse the district courts holding that the BLM acted within its scope and authority under the MLA We're asking you to find that the BLM does not have the requisite statutory authority Under the MLA to require the petitioners to file a federal APD and To find finally that the Stock Raising Homestead Act and the property clause of the Constitution without any agency rulemaking Do not allow the BLM to condition petitioners right to drill through but not produce from Federal minerals with its traversing. Well, I thank the court very much appreciate it. Thank you counsel Good morning, and may it please the court Kevin McCardle on behalf of the United States I'd just like to try to prevent it present an initial summary that I hope will sort of synthesize some of the points We heard in this in the initial presentation BLM's objective here is not to prevent true oil from drilling the proposed traversing Well quite the contrary its objective is to accommodate true oils request While also ensuring that the public's mineral state and the lessee's rights are adequately protected This well would traverse the productive zone of a leased federal mineral tract the codel formation and that's evident from the Joint Appendix volume 3 pages 1 through 3 54 and 70 it would also penetrate and occupy a range of minimal mineral materials that belong to the public including mudstone sandstone shale Chalk marl and limestone. So your argument here is it's not just oil and gas Absolutely, huh? Yeah, that's where I understood. I just wanted to make it. No, it's far broader That's why this actually it may not be penetrating an oil Cap but it is penetrating certainly some of the other minerals No doubt about that and indirectly may be affecting the accessibility and development of the oil Correct those two arguments those two are true And also there may be at least some unknown quantity of oil and gas lost as the traversing well Drills through the codel formation. The quantity is unclear But even the plaintiffs recognized that oil and gas could be incidentally encountered during the drilling process So all three facets are implicated by the swell and like any other property owner BLM is the statutory guardian of the public's lands and mineral resources Has the right to review and approve any proposed use of public property you you spoke to about the mudstone sandstone shale Etc That could be penetrated it would there with the BLL BLM's protective authority Relative to those things be encompassed within their protective authority under the mineral leasing act I mean because this is not they aren't going back to what judge eval was saying. These aren't federal minerals. Are they? At least some of them qualify as federal minerals within the meaning of the mineral leasing act I think there's a good summary of those materials a list at page 159 of volume 2 of the appendix There's a thoughtful analysis there of some of these issues. Where does that list come from? Is that just a litigation list from your briefs or is there some? List in an official document. Well, the list I just mentioned comes from The joint appendix volume 2 page 159, but what is that appendix? Where's that? Where does that come from that? I'm not sure I do vaguely remember coming across a regulation or statute that sort of mirrored definition of minerals Okay So you said some of the some of the things that you were taking off are we qualify as minerals some being the word? Well the ones that wouldn't I guess as it relates to the what I understood to be the protective authority That the BLM was seeking to exercise relative to those non minerals Where would the authority for that come from would it be encompassed within the MLA authority? Where would that authority come from someplace else? well assuming for the sake of argument that the minerals within the meaning of the XRHA and minerals within the meaning of the MLA are not coextensive assuming for the sake of argument There's some difference and that this case would implicate some of the non overlapping substances then potentially The authority would come from the Federal Land Policy and Management Act Which gives BLM broad authority to require permits for any use of public lands That's not specifically covered by another authorization So it's a catch-all for precisely the situation We're sort of describing here, you know And that's an important point because if the plaintiffs were right and we don't think they are but if the MLA doesn't apply The only and we can't use the APD process The only party to this case that would be injured by that is true oil because it just takes off the table an established and efficient process that the parties can use To accommodate both sides legitimate interests, it wouldn't give them a right to drill through federal property They'd have to go get another form of permission either a FLPMA land use authorization or a memorandum Something from the federal government that says yes, you can take your well out You can drill through our sandstone and occupy public land But because it's public land we have a right to review and approve any use of it But you're saying that the mineral estate constitutes public land Absolutely, yes within the meaning of FLPMA And you're saying more than well the mineral estate including things that aren't minerals, right In other words the you've got the underlying you've got this split situation and the mineral estate Let's let's use that phrase Is what is reserved to the federal government within within that If there this is federal land if you will and and as it relates to that Even if they are things that would technically fit under a definition of minerals Which is what I'm trying to get at your with your premise as I understand it from FLPMA would be It's still public land and you and and you can't drill through that Without some sort of mechanism for us to for us to ensure that that land is protected Yes, I think that's an accurate characterization But that does require of just a broad definition of what minerals mean Yes, but the definition of the under the SRHA and Western nuclear It's hard to imagine it being any broader It covers any inorganic substance that can be removed from the soil that could have potential commercial value And that Congress would not have envisioned Belonged to the owner of a limited surface estate designed for agricultural use I'm familiar with I mean, I've heard that phrase, but just tell me which statute that's in again That test is in the Supreme Court's Western nuclear decision. Okay, is it in a statute? Well, where did the Supreme Court get that well, where did that come from it was interpreting the SRHA that that divides the estates here between the surface estate and the mineral estate and the Supreme Court was asked to review whether the government's mineral estate included gravel and The court held that yes It did because the mineral estates expansive and it includes any materials that satisfy that that test Which I'm just paraphrasing, but that's the the test and the court also said any doubts about whether a substance belongs to the government or to the surface owner resolved in the government's favor and in looking at a particular subsurface substance also You need to look at whether Congress would have envisioned the surface estate owner who's engaged in agricultural Uses to have owned this subsurface material. And so that's going to be a very small if any amount of material other than soil so under this broad definition of minerals if if I Take it your position would be whether it is through Through this permitting process or in some way in order for them to penetrate this this mineral estate broadly defined They're gonna need some they're gonna need something, you know to allow them to do that some sort of permit from the federal government right, right, okay, and and and if for whatever reason the broad definition that you you've sketched out related to the surface the SRHA Or the mineral leasing act didn't apply. They you still have the backup of Plymouth, right? Right. Okay Let me play let me shift then to the question of The the quiet title act and if you would address the question in part that I raised to council is Are we only talking about what would in effect be a transfer of some title? Or are we talking about the notion that if there is a dispute relative? to what a surface owner can do with its estate and You know the federal government says, you know We're we've got a mineral estate that allows us to require a permit for you to penetrate this land Surface owner says no, I'm a surface owner and I can authorize this trend transversing well, if what is that dispute covered by the quiet title act or That it does there actually have to be something that one could literally view as being a transfer of title in dispute It's absolutely covered by the quiet title act. Here's the Supreme Court's most recent pronouncement of the scope of the quiet title act This is from the Patrick case The QTA quote authorizes and so waives the government sovereign immunity from a particular type of action Known as a quiet title suit a suit by a plaintiff asserting a right Title or interest in real property that conflicts with the right title or interest that the United States claims That's exactly what we have here So so so in a quiet title action a court would then be called upon to determine who? Has the rights Associated with each component of the land the sludge the shale the minerals oil and gas There's no dispute about that. The only question Arguably is an administrative question and that is knowing without dispute who owns what is The traversing of the minerals that are owned by that are indisputably owned by the federal government controlled by BLM Do those? administratively Trigger the the requirement for an APD under the mineral leasing act so if in a quiet title action wouldn't the ultimate question even with this broad reading of The authority under the quiet title act ultimately devolved into Okay. Well in applying the mineral leasing act do they need an APD or not? That's that's the question. It's not whether or not who owns Who owns who has what rights to this oil and gas? Nobody questions that Well, I'm not sure if that's right, let me let's take it from the reverse suppose the court were to say the MLA doesn't apply to traversing wells Doesn't apply we don't we do I can get into that. The language is incredibly broad what authority it grants to BLM But if the MLA doesn't apply what follows from that does it plan? Yes, no, no if it doesn't apply the plaintiffs don't they don't benefit they lose one established Avenue of Securing our permission to drill through our mineral estate But if it doesn't apply it doesn't mean that they can now drill through without our approval They need to get some other form approval to drill through public property and NC at least as I understood the the their position They didn't need your approval Which is where it seems to me the quiet title act at least I want to wrap my brain around seems to come into play Because if we're talking about Interests, you know not as you point out disjunctively right title or interest Then the question is we don't need your approval government to do this. We can do this because we're subsurface owner I mean we're surface owners and the government says no I've got a mineral estate and you need our approval isn't that what we're talking exactly? That's why the essence and heart of this dispute is over the scope not the nominal Name of each party's title but the scope of the title and the rights that eat that it provides to each party That's why they pled the claim as they did the claim on the amended complaint page one And the wherefore clause it doesn't even seek to have a agency action set aside It seeks a resolution of the party's competing property rights, you know, I'm Almost out of breath about the Scope that you're asserting for title actions It seems to me. Nobody really is quarreling with the title e.g. These various estates that title is clear What is really clear is what you can do with them, and I would just analyze the surface Let's say there's two lots next to each other and one lot decides middle of the night they would like to have their marching band practicing out on their front yard, and they do and keep everybody awake and So the neighbor says hey, you can't you can't do that because it's infringing on my rights to sleep It's a nuisance. It's It's it doesn't fit Anything else and the first guy says oh, no, no, no No, you can't you can't bring a lawsuit of nuisance or anything else you got to bring a quiet title action because I'm trying to use my my Title in a certain way my case and if you are trying to restrict my use of this land It's got to be a quiet a title action Well, of course, it doesn't and it seems to me the same analysis is applied here. Nobody is Challenging the title or any of the title real estate accoutrements They are challenging a right to do something I just don't see how a title action That broader view would convert quite title actions to accomplishing every single kind of police power enforcement and regulation and zoning and everything else That simply is would It's not what quite title actions are well judge evils Hypothetical is a good one and and certainly you're gonna have an opportunity to respond to that although your time is completed So, please do respond. Why isn't that? What his hypothetical analogous to what we have going on here? I think the hypothetical is predicated on the notion that there's no dispute that The well which reverse federal mineral materials owned by the United States. I don't read their complaint as stipulating or agreeing to that It says in the reply brief that it would traverse non-mineral materials and It also seems to allege that even to the extent that The well which reverse federal materials the surface owner nevertheless has a property right to drill the subsurface well so and If the source of that alleged right to drill through at least some federal material is supposedly a property, right? Then we are back in the quiet title context and if they're disputing They're just saying it's a property, right? But I do want to say if if they're if they agree that we own the materials that the well is going to traverse then it probably is not and That it's not a question of property law. It's just you know whether the MLA applies and they agree what rights is what rights you have under the under the MLA and the FLPM Let me make sure I understand you said if they agree what? If they agree that we own all of the subsurface materials that the will that the well would traverse Yes, then it probably isn't a quiet title act as long as they're not alleging that notwithstanding our ownership We still have a property right under Texas that Texas case. I Thought that is what they're saying Arguing that they have the right to the clay and the sand and the rock So I don't think they were claiming that well I read their complaint is saying they own the materials number one that the well would traverse and To the extent they don't they still have the right as the surface owner as from your policy reasons in that, Texas Case just like the guy who says I've got a right to make as much noise on my land at 2 in the morning As I want Simply it's not a quiet title action. It's a nuisance or a police action or Regulatory action or a zoning ordinance or something else, but it's not a quiet title Well, if there's no dispute over ownership of the subsurface materials if they agree with our position that we own it And and there's no just there's no claim that they have a property right to drill without our approval Then it wouldn't be a quiet title action They would just lose because we own the materials and therefore we have the right to approve whatever whatever they want to do with Public property you can't just drill through public property without the government's approval either, you know, we try to accommodate them With extending the APD process to this Well, if it doesn't apply it just deprives them of one Avenue to get our permission It's the question somewhat narrower that if if true all acknowledges that the horizontal traversing wells would traverse Minerals that are owned by BLM even if the horizontal wells traverse other say Shale, you know other items that might or might not be owned by the federal government might or might not constitute minerals But if they acknowledge that the that the traversing wells would traverse minerals that are owned by BLM Then you would agree that there's no quiet title action Requirement as long as I'm sorry to belabor this but as long as they're not also claiming that notwithstanding our ownership They still have a property right based on policy and common law to drill a traversing Well through our materials even it even if it would go through right right through our materials And I did read their complaint to sort of suggest that you even if there'd be incidental Removal, they still have a property, right? And if that's the claim, it's still required. I see an amount of time Thank you very much for the opportunity Would you like an opportunity to respond I'd like to hear from I'd like to hear from you appellant. Yeah, I got a question too. I'd like I if you would give him two minutes and and There were two questions that were raised as to the characterization of your complaint. My question is very simple Do you agree with that characterization of what you're alleging that one? That that you have that they don't own that the minerals underneath and to even if they do you have a property, right? to drill through number one We agree that the federal government owns the minerals underneath the surface We also agree that true oil Owns all of the materials that are not minerals underneath the surface We agree that we presented our case to the state of Wyoming Oil and Gas Conservation Commission and provided notice to the BLM of our proposed Traversing well and asked them if they wanted to Enter, you know appear before the Wyoming Oil and Gas Commission and had any objection to it They refused to do that Even though they have an internal memorandum with the state of Wyoming that they share data I'm not sure that's responsive to the chief's question this the second time saying that we with the state of Wyoming's approval and After giving due notice to the BLM of our proposed drilling down through not only the minerals But the non minerals your honor We had the minerals There are definitions of minerals that include I think clay and other things. Is that not right? I don't think it includes clay Let me be clear do you do you Contend that you have a property, right? to drill through the Subsurface area which would include the minerals that the federal government owns. The answer is yes, your honor. Okay, and Because we are not taking them we're not disposing of them. We're not Possessing them. So if I had a root if I have a root cellar two miles away from your property and and I I'd like to access it through a secret little tunnel that I would start to build on the other side of your Of the this Area at least would that be a property right that I would say I can just be a mole and just drill through kind of like like Everybody's experiencing in the Gaza. No, your honor. You have to give notice to everyone to the governing body which in this case this would be I have a property right because I Happen to own a root cellar two miles away that gives me a property right to transverse everybody's land You have to consider everyone's rights the correlative rights and our point of the whole briefs is that you're saying that that To access a land to start when I'm not on your property to end when I'm not on your property I don't have any lease or any right or any permission from you to go across your property But I just want to get from A to B and you happen to be in the way So that's a property, right? It's not a regulatory or a police or a constitutional or other right? It's a property, right? It it it is a property, right? But we have to be solved by a quiet title action the QT definitely not it's not a claim You're saying you gave notice to the Wyoming Commission gave them an opportunity to respond a big time. Okay. Got it Thank you very much. Thank you. Your honors. Thanks for your fine arguments. Thank you